UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KIMI MARIE HOLLAND,<br><br>Defendant. | Case No. 1:19-cr-00195-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant, Kimi Marie Holland's Motion for Early Termination of Probation. Dkt. 53. On August 1, 2023, the Government filed its responsive brief (Dkt. 54), and the Defendant filed her reply brief the following day (Dkt. 55).

Having reviewed the record, the Court finds that the defendant has adequately presented the facts and legal arguments in her brief. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court decides the pending motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court GRANTS the Defendant's Motion.

## II. BACKGROUND

On June 13, 2019, Holland was indicted on two counts of Unlawful Importation of

a Controlled Substance, in violation of 21 U.S.C. § 952 & 960, and one count of Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). Holland, pursuant to a plea agreement, plead guilty to Count Two of the Indictment on March 23, 2021. Dkt. 39. On May 13, 2021, the undersigned sentenced Holland to three years' probation. Dkt. 50. On April 4, 2023, Holland filed the instant motion asking the Court to grant her early termination of probation. Dkt. 53. The Government opposed the motion. Dkt. 54.

### III. DISCUSSION

Section 3583(e)(1) "provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.' " *Id.* (quoting 18 U.S.C. § 3583(e)(1)). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (quoting18 U.S.C. § 3583(e)(1)). *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).

Turning to the factors the Court must consider under 18 U.S.C. § 3553(a)[1], Holland plead guilty to unlawful importation of a controlled substance. The sentencing guideline in

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

this case was 10-16 months. Holland's criminal history category was a 1, but the Court notes that Holland had zero criminal history. Holland has served over two years of her three-year term of probation without any violations. The district court may, under factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See* 18 U.S.C. § 3583(e)(1). *United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007).

According to Federal Probation, Holland has performed well on probation and has had no violations during her term. Earlier this year, she was moved to the administrative caseload and her former probation officer has no objection to early termination of probation. The Government's sole objection to early termination is "whether her case fully warrants early termination." Dkt. 54, at 2. While the Court recognizes that compliance with the terms of probation is to be expected, this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). When the Court applies all the factors outlined in 18 U.S.C. §§ 3553(a)(1), early termination of probation is warranted and is in the interest of justice.

///

///

///

## IV. ORDER

IT IS HEREBY ORDERED that Defendant's Motion for Early Termination of Supervised Release (Dkt. 53) is **GRANTED.** The Defendant's supervised release is terminated effective as of the date of this Order.

DATED: September 15, 2023

_____
David C. Nye
Chief U.S. District Court Judge